[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 18, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-14231
Non-Argument Calendar

_____

D. C. Docket No. 94-00002-CR-5

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BOBBY LEE INGRAM,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(May 18, 2009)

Before BIRCH, BLACK and HULL, Circuit Judges.

PER CURIAM:

Bobby Ingram, a federal prisoner proceeding *pro se*, appeals the district court's denial of his motion to reduce his sentence, filed pursuant to 18 U.S.C. § 3582(c)(2). Ingram's § 3582(c)(2) motion was based on Amendment 706 to the Guidelines, which reduced base offense levels applicable to crack cocaine. On appeal, Ingram argues the district court erred in finding he was not eligible for a sentence reduction because he was subject to a statutory mandatory minimum sentence under 21 U.S.C. § 841(b)(1)(A). Ingram asserts a sentence reduction was warranted in his case because (1) mitigating circumstances surrounded his offense and (2) there are unwarranted disparities between the sentences imposed for crack and powder cocaine offenses, as recognized by the Supreme Court in *Kimbrough v. United States*, 128 S. Ct. 558 (2007). Finally, Ingram argues that, at his original sentencing, the district court erred in finding he was responsible for more than 50 grams of crack cocaine.

"We review *de novo* a district court's conclusions about the scope of its legal authority under 18 U.S.C. § 3582(c)(2)." *United States v. James*, 548 F.3d 983, 984 (11th Cir. 2008). A district court may modify a term of imprisonment in the case of a defendant who was sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission. 18 U.S.C. § 3582(c)(2). Any reduction, however, must be

2

"consistent with applicable policy statements issued by the Sentencing

Commission." *Id.* A reduction of a term of imprisonment is not consistent with

applicable policy statements – and, therefore, not authorized under § 3582(c)(2) –

if the retroactive amendment does not have the effect of lowering the defendant's

applicable guideline range. U.S.S.G. § 1B1.10(a)(2)(B). This occurs where a

defendant was sentenced to a statutory mandatory minimum sentence. U.S.S.G.

§ 1B1.10, cmt. n.1 (A); *United States v. Williams*, 549 F.3d 1337, 1339-42 (11th

Cir. 2008); *United States v. Moore*, 541 F.3d 1323, 1327 (11th Cir. 2008).

Upon review of the record and the parties' briefs, we determine Ingram's

arguments are foreclosed by precedent. We have held a district court lacks

authority to reduce a defendant's sentence under § 3582(c)(2), which was set

pursuant to a statutory mandatory minimum term of imprisonment. Thus the

district court correctly determined a sentence reduction was not warranted because

Ingram was sentenced pursuant to a statutory mandatory minimum sentence, which

was not affected by the application of Amendment 706. *Williams*, 549 F.3d at

1339-42. Moreover, the Supreme Court's decisions in *United States v. Booker*,

125 S. Ct. 738 (2005), and *Kimbrough* did not provide the district court with an

independent jurisdictional basis to reduce Ingram's sentence under § 3582(c)(2).

*United States v. Moreno*, 421 F.3d 1217, 1220-21 (11th Cir. 2005). Finally, even if

the district court had possessed jurisdiction to reduce Ingram's sentence, it would have been improper for the court to reconsidered the amount of crack cocaine for which he was held responsible at his original sentencing. *United States v. Bravo*, 203 F.3d 778, 780-81 (11th Cir. 2000) (holding that all other guideline decisions made during the original sentencing remain unchanged with the sole exception of the guideline range that has been amended since the original sentencing). For the foregoing reasons, we affirm the district court's order denying Ingram's motion to reduce his sentence.

**AFFIRMED.**